1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT

9      FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,                No. C 09-00988 CRB

12              Plaintiff,                   **[PROPOSED] JURY INSTRUCTIONS**

13      v.

14  MAURICIO AGUILERA,

15              Defendant.

16  _____/

17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

### 3.1   DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

United States District Court
For the Northern District of California

2

**3.2 CHARGE AGAINST DEFENDANT**

**NOT EVIDENCE—PRESUMPTION OF**

**INNOCENCE—BURDEN OF PROOF**

The indictment is not evidence.  The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence to prove innocence.  The government has the burden of proving every element of the charges beyond a reasonable doubt.

**United States District Court**
For the Northern District of California

1

2

### 3.3 DEFENDANT'S DECISION NOT TO TESTIFY

3

A defendant in a criminal case has a constitutional right not to testify. You may not

4

draw any inference of any kind from the fact that the defendant did not testify.

United States District Court
For the Northern District of California

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**3.5 REASONABLE DOUBT—DEFINED**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

**3.6 WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

    (1) the sworn testimony of any witness; and

    (2) the exhibits received in evidence; and

    (3) any facts to which the parties have agreed.

**United States District Court**
For the Northern District of California

### 3.7 WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

### 3.8 DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**2.3 STIPULATED TESTIMONY**

The parties have agreed what **[name of witness]**'s testimony would be if called as a witness. You should consider that testimony in the same way as if it had been given here in court.

1

2

## 2.4 STIPULATIONS OF FACT

3

4     The parties have agreed to certain facts that have been stated to you. You should therefore treat these facts as having been proved.

# 3.9 CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**3.10 ACTIVITIES NOT CHARGED**

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment.

## 3.11 SEPARATE CONSIDERATION OF MULTIPLE COUNTS—
## SINGLE DEFENDANT

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

## 2.8 TRANSCRIPT OF RECORDING IN FOREIGN LANGUAGE

You heard a recording in the Spanish language. A transcript of the recording has been admitted into evidence. The transcript is an official English-language translation of the recording.

Although some of you may know the Spanish language, it is important that all jurors consider the same evidence. Therefore, you must accept the English translation contained in the transcript even if you would translate it differently.

## 2.11 EVIDENCE FOR LIMITED PURPOSE

When I admitted evidence for a limited purpose you must consider it only for that limited purpose and not for any other purpose.

**4.1 STATEMENTS BY DEFENDANT**

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

**4.3 OTHER ACTS OF DEFENDANT**

You have heard evidence that the defendant committed other acts not charged here. You may consider this evidence only for its bearing, if any, on the question of the defendant's intent, motive, opportunity, preparation, plan, and knowledge and for no other purpose. You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.

# 4.8 IMPEACHMENT EVIDENCE—WITNESS

You have heard evidence that Moises Brambila and David Morgan, witnesses, were convicted of felonies. You may consider this evidence in deciding whether or not to believe these witnesses and how much weight to give to the testimony of these witnesses.

United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**4.9 TESTIMONY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCES—**
**IMMUNITY, BENEFITS, ACCOMPLICE, PLEA**

You have heard testimony from Moises Brambila, a witness who received benefits, compensation, and favored treatment from the government in connection with this case.

You have heard testimony from David Morgan, a witness who also received favorable treatment from the government in connection with this case.  David Morgan admitted being an accomplice to the crime charged.  An accomplice is one who voluntarily and intentionally joins another person in committing a crime.  David Morgan pleaded guilty to a crime arising out of the same events for which the defendant is on trial.  This guilty plea is not evidence against the defendant, and you may consider it only in determining this witness's believability.

For these reasons, in evaluating the testimony of Moises Brambila and David Morgan, you should consider the extent to which or whether their testimony may have been influenced by any of these factors. In addition, you should examine the testimony of Moises Brambila and David Morgan with greater caution than that of other witnesses.

**United States District Court**
For the Northern District of California

**4.10 GOVERNMENT'S USE OF UNDERCOVER AGENTS AND INFORMANTS**

You have heard testimony from an informant who was involved in the government's investigation in this case. Law enforcement officials may engage in stealth and deception, such as the use of informants and undercover agents, in order to investigate criminal activities.

**4.14 OPINION EVIDENCE, EXPERT WITNESS**

You have heard testimony from persons who, because of education or experience, were permitted to state opinions and the reasons for their opinions.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

United States District Court
For the Northern District of California

**4.16 CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries have been admitted in evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

**9.19 CONTROLLED SUBSTANCE—**

**CONSPIRACY TO DISTRIBUTE OR MANUFACTURE**

**(21 U.S.C. §§ 841(a) and 846)**

The defendant is charged in Count One of the indictment with conspiracy to distribute and possess with the intent to distribute cocaine, in violation of Section 846 of Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning no later than October 10, 2007, and ending on or about March 31, 2009, there was an agreement between two or more persons to (1) distribute cocaine, or (2) to possess with the intent to distribute cocaine.

The government does not have to prove that both of the above crimes were committed in order for you to find that the government has established this first element of the conspiracy charge; however, you must unanimously agree that the government has proven beyond a reasonable doubt that there was an agreement involving at least one of the above-charged crimes in order for you to find that the first element has been satisfied.

Second , the defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

"To distribute" means to deliver or transfer possession of cocain to another person, with or without any financial interest in that transaction.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object or purpose of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

**8.22 MULTIPLE CONSPIRACIES**

You must decide whether the conspiracy charged in the indictment existed, and, if it did, who at least some of its members were. If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you may find that some other conspiracy existed. Similarly, if you find that any defendant was not a member of the charged conspiracy, then you must find that defendant not guilty, even though that defendant may have been a member of some other conspiracy.

United States District Court
For the Northern District of California

### 8.23 CONSPIRACY—KNOWLEDGE OF AND
### ASSOCIATION WITH OTHER CONSPIRATORS

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt that:

(1) the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

(2) the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

(3) the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 8.26 CONSPIRACY—*SEARS* CHARGE

Before being convicted of conspiracy, an individual must conspire with at least one co–conspirator. There can be no conspiracy when the only person with whom the defendant allegedly conspired was a government informer who secretly intended to frustrate the conspiracy.

**Defendant's #51 Conspiracy – Buyer/Seller Relationship**

The existence of a simple buyer-seller relationship between a defendant and another person, without more, is not sufficient to establish a conspiracy, even where the buyer intends to resell cocaine.  The fact that a defendant may have bought cocain from another person or sold cocaine to another person is not sufficient without more to establish that the defendant was a member of the charged conspiracy.

**9.15 CONTROLLED SUBSTANCE—**

**POSSESSION WITH INTENT TO DISTRIBUTE**

**(21 U.S.C. § 841(a)(1))**

The defendant is charged in Count Five of the indictment with possession of cocaine with intent to distribute in violation of Section 841(a)(1) of Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed cocaine; and

Second, the defendant possessed it with the intent to distribute it to another person.

The government is not required to prove the amount or quantity of cocaine. It need only prove beyond a reasonable doubt that there was a measurable or detectable amount of cocaine.

It does not matter whether the defendant knew that the substance was cocaine. It is sufficient that the defendant knew that it was some kind of a prohibited drug.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of cocaine to another person, with or without any financial interest in the transaction.

United States District Court
For the Northern District of California

29

**9.16 DETERMINING AMOUNT OF CONTROLLED SUBSTANCE**

If you find the defendant guilty of the charge in Count One and Count Five of the indictment, you are then to determine the net weight of the cocaine involved in the offense. Your determination of weight must not include the weight of any packaging material. Your decision as to the net weight in each count must be unanimous and beyond a reasonable doubt.

The government does not have to prove that the defendant knew the quantity of cocaine.

**United States District Court**
For the Northern District of California

30

**9.18 CONTROLLED SUBSTANCE—**

**DISTRIBUTION OR MANUFACTURE**

**(21 U.S.C. § 841(a)(1))**

The defendant is charged in Count Five of the indictment with distribution of cocaine in violation of Section 841(a)(1) of Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly delivered cocaine; and

Second, the defendant knew that it was cocaine or some other prohibited drug.

United States District Court
For the Northern District of California

**5.6 KNOWINGLY—DEFINED**

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

### 3.17 POSSESSION—DEFINED

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## GOVERNMENT #13 "ON OR ABOUT" – EXACT DATE NOT NECESSARY TO PROVE

The charges allege that the offenses were committed "on or about" certain dates. Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on those dates.

# 7.1 DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**7.2 CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

United States District Court
For the Northern District of California

### 7.3 USE OF NOTES

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

1

**7.4 JURY CONSIDERATION OF PUNISHMENT**

2

3        The punishment provided by law for this crime is for the court to decide. You may not

4    consider punishment in deciding whether the government has proved its case against the

5    defendant beyond a reasonable doubt.

**7.5 VERDICT FORM**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise Ms. Espinoza that you are ready to return to the courtroom.

**United States District Court**
For the Northern District of California

### 7.6 COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through Ms. Espinoza, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

//

//

**IT IS SO ORDERED.**

Dated: January __, 2012

_____
CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California